UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN RAMON MARROQUIN ALAS, MARINA BALTAZAR, CLARA ESTELA FUENTES LUX, VICTOR MARROQUIN, MIGUEL PEREZ ORTIZ, on behalf of themselves and others similarly situated, | Case No. 5:15-cv-00441-MAD-TWD |
| Plaintiffs, | |
| v. | |
| CHAMPLAIN VALLEY SPECIALTY OF NEW YORK, INC., JEREMY DYGERT, RUTHANNE DYGERT, CHRISTOPHER COTY, and RACHEL DYGERT COTY, | |
| Defendants. | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, APPOINTMENT OF PLAINTIFFS AS CLASS REPRESENTATIVES, APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT AND CLAIM FORM; SETTING OF FINAL APPROVAL HEARING

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, Appointment of Plaintiffs as Class Representatives, Approval of Plaintiffs' Proposed Notices of Settlement and Claim Forms, and Request for Scheduling of a Final Approval Hearing ("Motion for Preliminary Approval"). Pursuant to the terms of the parties' settlement agreement, Defendants do not oppose the motion.

## I.      Preliminary Approval of Settlement

1.      Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Teague P. Paterson, the Proposed Settlement Agreement, the Proposed Class Notice and Claim Form, and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, and the relevant legal standards, the Court grants preliminary approval of the settlement memorialized in the Class Settlement Stipulation and Release ("Settlement Agreement") made between the Parties, and "so orders" all of its terms. The Court further approves the Class Notice and Claim Form as attached as Exhibits B and C, respectively, to the declaration of Teague P. Paterson, and Mr. Paterson and his firm, Beeson, Tayer and Bodine, as Class Counsel for settlement purposes, and the Plaintiffs as Class Representatives. A Final Approval hearing is scheduled as set forth at the conclusion of this Order.

2.      The law favors compromise and settlement of class actions. *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,* 396, F.3d 96, 112 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context") (internal quotation marks and citation omitted); *see also Hernandez v. Merrill Lynch & Co., Inc.,* No. 11 Civ. 8472, 2012 WL 5862749, at * 2 (S.D.N.Y. Nov. 15, 2012) (endorsing early settlement of wage and hour class action); *Castagna v. Madison Square Garden, L.P.,* No. 09 Civ. 10211, 2011 WL 2208614, at *10 (S.D.N.Y. Jun. 7, 2011) (approving the parties' attorneys for negotiating an early class settlement).

3.      The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072, 1079 (2d Cir. 1995). "In exercising this discretion, courts should give proper deference to the private consensual decision of the parties." *Clark v. Ecolab, Inc.,* No. 07 Civ. 8624, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (internal quotation marks omitted). "In evaluating the settlement, the Court should keep in

2

mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *Id.* (internal quotation marks omitted);*see also In re EVCI Career Coils. Holding Corp. Sec. Litig.,* No. 05 Civ. 10240, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007) ("Absent fraud or collusion, the court should be hesitant to substitute its judgment for that of the parties who negotiated the settlement."). Indeed, "[a] presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores,* 396 F.3d at 116 (internal quotation marks omitted); *Wright v. Stern,* 553 F. Supp. 2d 337, 343 (S.D.N.Y. 2008) (same). The force of this presumption is increased when a settlement is reached with the assistance of an experienced mediator, *Sukhnandan,* 2013 WL 4734818, at *2 (collecting cases), as here with respect to the mediator appointed by the Parties pursuant to the Court's order to engage in mediation.

      4.    Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows review of the proposed settlement within a range of reasonableness and notice to issue to the members of the class ("Class Members") to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input, if any.

      5.    Preliminary approval requires the Court's "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions. *Clark,* 2009 WL 6615729, at *3 (citing Herbert B. Newberg & Alba Conte,*Newberg on Class Actions*("Newberg"), §§11.25 (4th ed. 2002)). "Courts often grant preliminary settlement approval without requiring a hearing or a court appearance." *Sukhnandan v. Royal Health Care of Long Island LLC,*No. 12 Civ. 4216, 2013 WL 4734818, at *1 (S.D.N.Y. Sept. 3, 2013). To grant preliminary approval, the Court need only find that the settlement falls within a range of reasonableness such that "probable cause to submit the

[settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass 'n,* 627 F.2d 631, 634 (2d Cir. 1980); *Newberg* § 11.25 (noting that "[i]f the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members).

6.      The Court has balanced a number of factors relevant to the claims asserted in the action, including the strength of the allegations set forth in Plaintiffs' complaint and Plaintiffs' counsel's assessment of those claims following investigation and discovery for settlement purposes, *e.g.* his "Exposure Calculation," as described in the Paterson Declaration in support of the instant motion; the risk, expense, complexity, and likely duration of further litigation; the potential merits of Defendants' defenses; the risk of maintaining class action status throughout the trial; the amount offered in the settlement; the extent of discovery completed and the state of the proceedings; and the experience and views of counsel.

7.      The Court concludes that the proposed Settlement Agreement is fundamentally fair, adequate, and within the range of possible final settlement approval, such that notice to the class is appropriate. *In re Traffic Exec. Ass 'n,* 627 F.2d at 634.

8.      The Court also finds that the Settlement Agreement is the result of arm's-length negotiations by counsel experienced in the prosecution of wage and hour class and collective actions. An experienced labor and class action employment mediator, Ira Lobel who is on this District Court's ADR Panel, assisted the parties with the settlement negotiations and presided over a full-day mediation. This reinforces the non-collusive nature of the settlement. *Sukhnandan,* 2013 WL 4734818, at *2 (collecting cases).

4

II.     **Conditional Certification of the Proposed Class Pursuant to Rule 23 and 29 U.S.C. Section 216(b) for Purposes of Class Settlement**

9.      Conditional or provisional class certification for settlement and appointment of class counsel have several practical purposes: "avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing." *Sukhnandan*, 2013 WL 4734818, at *2.

10.     For settlement purposes the Court conditionally certifies the following class under Federal Rule of Civil Procedure 23(e) and 29 U.S.C. section 216:

> All persons who were/are employed by Champlain Valley Specialty of New York, Inc., as hourly food processing employees at its apple-slice processing facility in Oswego, New York, and/or in similar positions for the period of April 13, 2009, to the date of this Order.

Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and b(3) and 29 U.S.C. section 216.

The Court notes that Rule 23 presents a higher burden than FLSA section 216. See, e.g. *Hernandez v. Fresh Diet, Inc.*, 12-CV-4339 ALC JLC, 2014 WL 5039431, at *8 (S.D.N.Y., Sept. 29, 2014); *Desilva v. N. Shore–Long Island Jewish Health Sys., Inc*, No. 10–CV–1341, 2014 WL 2534833, at *11 (E.D.N.Y. June 5, 2014); *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 481 (E.D.N.Y.2001); *Ayers v. SGS Control Services, Inc.*, 03 CIV. 9078 RMB, 2007 WL 646326, at *4 (S.D.N.Y., Feb. 27, 2007). Therefore, in finding the requirements of Rule 23 are met, the Court finds so too are the requirements of section 216 of the FLSA.

11.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because the class size is approximately 500 members. *See Consol. Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members."). Such a number makes joinder impractical.

12.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the Class Members share common issues of fact and law.  Plaintiffs allege Defendants had a practice of, on occasion, requiring class members to wait past their scheduled shift time to clock-in for their shift, and that such waiting time is compensable time under the FLSA and NYLL.  Plaintiffs further allege that certain meal breaks provided to them were of insufficient duration to be considered non-compensable meal periods under the FLSA and NYLL, but were of such short duration as to be classified as compensable rest breaks under the FLSA and NYLL.  Thirdly, Plaintiffs allege they were deprived of lunch periods, but that the Defendants nevertheless adjusted their time records to reflect a thirty minute non-compensable lunch period.  Each of these allegations raises common issues of fact and law as to satisfy the commonality standard under Rule 23(a)(2).  *See Sukhnandan,* 2013 WL 4734818, at *3 (citing *Morris v. Affinity Health Plan, Inc.,* 859 F. Supp. 2d 611, 615-16 (S.D.N.Y.2012) (commonality satisfied where plaintiffs claimed that defendant had policy of not paying all class members overtime pay) and *Clark v. Ecolab Inc.,* No. 07 Civ. 8623, 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and. . . whether [Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked")).

13.     Similarly, the Plaintiffs satisfy the "typicality" requirement of Federal Rule of Civil Procedure 23(a)(3).  Plaintiffs' claims under the FLSA and NYLL arise from the same factual and legal circumstances that form the bases of the Class Members' claims, and Plaintiffs were employed in the same positions, at the same location and at the same time as the Class Members and thereby subject to the same policies and procedures as the Class. *See Spencer,* 2013 WL

1040052, at *18 (typicality met where the "named plaintiffs and the prospective class were subject
to the same general employment scheme, and their claims are all based on the same course of
events and legal theory. Even if some class members' facts are somewhat different than the named
plaintiffs the claims are similar enough to meet the typicality element.") (internal alterations,
quotation marks, and citation omitted);*see also Hernandez,* 2012 WL 5862749, at *3 (typicality
satisfied where "[p]laintiffs' claims for overtime pay arise from the same factual and legal
circumstances that form the bases of the Class Members' claims.");*Sukhnandan,* 2013 WL
4734818, at *3 (same).

14.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because there is no
indication that Plaintiffs' interests are antagonistic or at odds with Class Members' interests.*See
Capsolas v. Pasta Res. Inc.,* No. 10 Civ. 5595, 2012 WL 1656920, at *2 (S.D.N.Y. May 9, 2012)
(adequacy met where there was no evidence that named plaintiffs' and class members' interests
were at odds).

15.     Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3).  Class Members'
common factual allegations and common legal theory predominate over any factual or legal
variations among Class Members.  Plaintiffs forward claims for wages earned but unpaid.  The
alleged unpaid wages were the result of practices or patterns alleged by Plaintiffs on the part of
Defendants, who are/were their employers, that such practices were applied to hourly workers
generally, and not Plaintiffs or various class members as individuals. *Sewell v. Bovis Lend Lease,
Inc.,* 09 Civ. 6548, 2012 WL 1320124, at *5 (S.D.N.Y. Apr. 16, 2012) ("A common nexus of fact
or law, particularly in FLSA cases, can include the fact that all plaintiffs were subject to the same
company-wide policy that violated federal labor laws.");*see also Clark,* 2009 WL 6615729, at *5
(finding common factual allegations and common legal theory to predominate over factual and

legal variations among class members in wage and hour misclassification case);*Torres v. Gristede's Corp.,* No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiffs "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages").

16.     The Court also provisionally certifies the following proposed FLSA Class under 29 U.S.C. § 216(b), solely for the purposes of settlement:

> All persons who were/are employed by Champlain Valley Specialty of New York, Inc., as hourly food processing employees at its apple-slice processing facility in Oswego, New York, and/or in similar positions for the period of April 13, 2009, to the date of this Order.

17.     The FLSA class is identical, and coterminous with the Rule 23 class and the claims and recovery Plaintiffs seek under the NYLL and FLSA are identical.

18.     Section 216(b) of the FLSA provides that plaintiffs must be "similarly situated" in order to pursue an FLSA collective action. *See* 29 U.S.C. § 216(b).

19.     For the reasons described above, the Court finds that Plaintiffs are "similarly situated" to the Class Members for purposes of the settlement of the FLSA claims.

20.     The Court also finds that this settlement is the compromise of a disputed claim under the FLSA.  As set forth in the Settlement Agreement, Defendants dispute Plaintiffs' entitlement to the amounts to be paid absent the Settlement Agreement.

III.     **Appointment of Plaintiffs' Counsel as Class Counsel for Settlement Purposes**

21.     For settlement purposes the Court appoints Teague P. Paterson and his firm Beeson, Tayer & Bodine, APC, as Class Counsel because they meets all of the requirements of Federal Rule of Civil Procedure 23(g). "In appointing class counsel, the Court must consider the following: (1) the work counsel has done in identifying or investigating potential claims in the action, (2)

counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (3) counsel's knowledge of the applicable law, and (4) the resources counsel will commit to representing the class." *See Spencer,* 2013 WL 1040052, at *23 (quoting *In re NTL, Inc. Sec. Litig.,* 02 Civ. 3013, 2006 WL 330113, at *11 n. 18 (S.D.N.Y. Feb. 14, 2006)).

22.     Mr. Paterson has provided examples of his experience litigating wage and hour claims on behalf of classes of plaintiffs and representative plaintiffs and the court finds his experience as set forth in his declaration sufficient to qualify him as Class Counsel.

23.     The work that Plaintiffs' Counsel has performed both in litigating and settling this case, and the resources committed to date, demonstrate their skill and commitment to representing the class's interests.

**IV.     Appointment of Plaintiffs as Class Representatives for Settlement Purposes**

24.     Based on the submission of Plaintiffs the Court finds that each of the Plaintiffs is entitled to be appointment as a class representative.  Their claims are typical of the Class and there is no evidence or indication of any adversity with respect to Plaintiffs' interests as compared to the interests of the Class.

25.     The Court notes that each of the Plaintiffs has been involved in this litigation from its inception and have carried through on their obligations to date.  Accordingly the Court appoints each of the Plaintiffs as a Class Representative.

**V.     Approval of Class Notice and Claim Form**

26.     The Court approves, as to form and content, the Proposed Notice of Class Action Settlement and Final Approval Hearing and Claim Form, attached as Exhibits B and C, respectively, to the Declaration of Teague P. Paterson.  The content of the Notice to be sent to the Class members fully complies with due process and Federal Rule of Civil Procedure 23.

27.     Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state the following in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3). *See* Fed. R. Civ. P. 23(c)(2)(B).

28.     The Notice to be sent to Class members satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g. In re Michael Milken & Assocs. Sec. Litig.,* 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). To the extent Class Members have questions, the notice directs them as to where their questions may be answered. The parties have indicated, and the Court includes in this order, a requirement that the Notice be translated into Spanish and that both English and Spanish language notices be mailed to the Class Members at their last known addresses as indicated by Defendants business records.

29.     The Notice to be sent to Class Members is appropriate because it describes in plain language the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; the release of claims involved, and the binding effect of a class judgment on class members. The Notice also describes, in plain language, the terms of the settlement, informs the Class Members about the allocation of attorneys' fees, plaintiffs'

enhancements, and costs, and provides specific information regarding the date, time, and place of the final approval hearing.

30.     The Notice to be sent to members of the FLSA Class satisfies the requirements of the FLSA section 216(b) with respect of opting-into the litigation.  Section 216(b) provides that "An action . . . may be maintained . . . in any Federal or State court of competent jurisdiction by any one or more employees for an in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).  Submission of a Claim Form by a Class Member is sufficient to satisfy this requirement.

31.     The Settlement Agreement provides, and the Court approves, the method of class notice which is the most practical and likely to lead to effective notice to Class Members. Specifically, the Notice and Claim Form will be mailed by first class mail to the last known address of each Class Member as reflected by the personnel employment records maintained by Defendants.  To the extent any such mailings are returned as undeliverable, as would be expected, the agreed-upon claims administrator shall perform a "skip trace" search and mail a second Notice and Claim form to the address determined to be most current under the Skip-Trace test.

## VI.     Class Action Settlement-Procedure

32.     The Court hereby adopts the settlement procedure set forth in the Settlement Agreement.

33.     The Court directs the mailing, by first class mail of the Notice and Claims Form to the Class Members in accordance with the schedule set forth in the Settlement Agreement. The Court finds that the method and dates selected for the mailing of these documents meet the

11

requirements of due process, provide the best notice practicable under the circumstances and constitute due and sufficient notice to all persons entitled to notice.

34.     Pending the Court's final approval of the Settlement Agreement, all proceedings in this action, except those related to approval of the Settlement Agreement, are stayed.

35.     Members of the Settlement Classes who object to the Settlement Agreement are not required to appear at the Fairness Hearing.  However, persons wishing to be heard orally in opposition to the approval of the Settlement Agreement are required to state in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement Agreement and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any person from whom they may obtain a declaration and exhibits they intend to introduce into evidence at the Fairness Hearing.

36.     Plaintiffs shall file their Motion for Attorney's Fees and Litigation Expenses no later than fifteen days before the date of the final approval hearing.

37.     The Court approves the following schedule for administration of settlement (numbers of days means calendar days):

| | |
|---|---|
| 7 days from date of entry of this Order | Parties to engage Claims Administrator |
| 14 days from date of entry of this Order | Defendants provide to Claims Administrator class list and data |
| 28 days from date of entry of this Order | Claim Administrator to Provide Class Notices |
| The later of: 58 days from this order or 30 days following first mailing, or 30 days following any second mailing in the case of initial claim forms returned as undeliverable | Deadline for submission of claims forms, requests for exclusion or statements of objection. |
| Thirty five days from date of last mailing of Notice and Claim Forms | Claims Administrator to provide the parties list of consents to join and/or requests for exclusion. |

| Fifteen days prior to Final Approval Hearing | Parties may submit responses to objections. |
|---|---|
| Fifteen days prior to Final Approval Hearing | Parties to submit motion for judgment and final approval; Plaintiffs to submit motion for award of fees and costs. |
| No sooner than 105 days following entry of this Order | Final Approval Hearing |

38.     Should the Settlement Agreement not be finally approved, or should the Effective

Date, as that term is defined in the Settlement Agreement not occur, this Order and all papers

submitted by the Parties respecting the settlement shall be null and void and of no further force and

effect, and the parties shall be restored to their respective positions prior to the execution of the

Settlement Agreement.  Upon such nullification, neither this Order nor the Settlement Agreement

nor any papers submitted by the Parties respecting the settlement shall be used or referred to for

any purpose in this action or in any other proceeding, and the Settlement Agreement and all

negotiations thereto shall be inadmissible.  However, they may be admitted into evidence or

otherwise used to enforce any of the terms of the Settlement Agreement is Final Approval is

achieved.

39.     The final approval hearing will be held on     June 9,                          , 2016,

at 10:00 a.m. a.m./p.m. in Courtroom No.     5     of the United States Courthouse for the Northern

District of New York located in the ~~James M. Hanley Federal Building, 100 S Clinton St.,~~

~~Syracuse, NY 13261.~~  James T. Foley, U.S. Courthouse, 445 Broadway, Albany, NY 12207.


**IT IS SO ORDERED**

This   8   day of  February , 2016

By: _____

13